Lake Erie & W. R. R. Co. v. Jonathan P. Middlecoff, Charles Bogardus, R. Blackstock, Wm. Wilson, and R. Cruzen, Partners Doing Business as the Paxton Canning Company, Who Sue for Themselves, the Ins. Co. of N. A., Continental Ins. Co., and the Phœnix Ins. Co.

1. RAILROADS—*Appropriating Streets—Duty to Keep Same Free from Rubbish.*—Where a street is so occupied by the main track and switch of a railroad company as to practically exclude all other use, it ought to keep the portion so appropriated free from rubbish and dry grass that might communicate fire to adjoining premises, and is clearly responsible for negligence in that behalf.

2. RAILROADS—*Engines Throwing Sparks in Other Places.*—In an action against a railroad company for causing fire by sparks from an engine, it is not error to admit evidence that the same engine threw sparks at other points and set several fires along the route before reaching the place in question.

**Memorandum.**—Case for burning property. Appeal from the Circuit Court of Ford County; the Hon. ALFRED SAMPLE, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed November 27, 1893.

The opinion states the case.

CLOUD & KERR and A. E. DEMANGE, attorneys for appellant; W. E. HACKEDORN, general attorney, of counsel.

APPELLEES' BRIEF, THOMAS BATES, COOK & MOFFETT AND J. H. MOFFETT, ATTORNEYS.

The law of this State makes it the imperative duty of appellant to keep its right of way free and clear of dry grass, dead weeds, or other dangerous combustible matter. R. S., Chap. 114, Sec. 63 (Starr & C.).

The failure to do so is negligence, *per se.* C. & E. I. R. R. v. Goyette, 133 Ill. 21; St. L., A. & T. R. R. Co. v. Huggins, 20 App. 639; Northern Pac. R. R. Co. v. Lewis, 51 Fed. Rep. 658–665; T. H. & I. R. R. Co. v. Voelker, 129 Ill. 540–553–555.

It is the duty of the court to so instruct. Chicago & E.
R. R. Co. v. Smith (Mich.), 33 N. E. Rep. 17, '93, 341.

It is not contributory negligence on the part of appellees
to permit dry grass, etc., on their lands, which would spread
fires, negligently set by appellant. T. H. & I. R. R. Co. v.
Voelker, *supra*.

It is the duty of the railroad company to exercise greater
care and precaution in the ratio the risk becomes greater by
reason of the presence of combustible material. Union
Pac. R. R. Co. v. Arthur, 26 Pac. Rep. 1031; Jacksonville T.
& K. W. R. R. Co. v. P. Land Transp. & Mfg. Co., 9 So. Rep.
631 (661); Gulf C. & S. F. Ry. Co. v. McLean, 74 Tex. 646.


MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was an action on the case by the appellees against
the appellant to recover damages for burning a certain
" canning factory " building with the machinery and appli-
ances therein.

The verdict was for the plaintiffs, and the damages were
assessed at $8,900. A motion for new trial was overruled
and judgment was rendered accordingly. By the appeal of
the railroad company the record is brought to this court.
Many reasons are urged for a reversal of the judgment.
While all the points have been considered, yet it is not
thought necessary to discuss them all specifically.

The matter will be greatly simplified by the statement
that there is no sufficient reason to challenge the conclusion
reached by the jury that the fire was caused by sparks escap-
ing from the locomotive. Indeed, counsel for appellant
seems to concede this, and to insist that the only real issue
in the case was " whether the spark-arresting appliance on
the locomotive was all that the law required and was prop-
erly handled." The evidence upon the point as to the spark
arrester need not be set forth in detail.

Whatever may have been the real merits of the appliance,
it was a fair question for the jury whether it was in good
order and properly handled. The fact that the locomotive
had been throwing sparks freely for some distance before

reaching the place in question and had set fire to several meadows, that it was being propelled at a rate of speed beyond that allowed by ordinance and that such speed as was shown would be likely to produce a more abundant flow of sparks, were circumstances to be considered by the jury.

The engineer, Daniels, said the engine was in good running order as far as he knew and was in tolerably good repair, and that he saw nothing out of order the last time he looked into it, which was about two weeks before the fire. The witness Sage testified that he examined the netting two days before the fire and several days after, and that it appeared to be in good order both times.

Other expert witnesses said that if the engine threw sparks, as had been testified, before reaching the factory, they could not say it was in proper order. The plaintiffs, however, insisted that the fire was probably communicated to the dry grass and rubbish near the track on the right of way, so called, and thence to the premises of the plaintiffs, and, therefore, that there was negligence upon which recovery might be predicated in suffering this inflammable matter to remain so near the track, regardless of the condition of the spark arrester. There is evidence from which this conclusion might well be drawn.

But the defendant insisted below and now insists that it was under no legal duty to keep the space in question free from combustible matter.

It appears at the point in question the main track was laid along a public street, and that a switch track extended therefrom and alongside the main track to connect with the canning factory. The street was so occupied by the main track and the switch as to practically exclude all other use at this point. The defendant having thus appropriated the street to its own use ought to keep the portion so appropriated free from rubbish and dry grass that might communicate fire to adjoining premises, and would clearly be responsible for negligence in that behalf. K. & H. Ice Co. v. M. & N. R. R., 53 N. W. Rep. 850.

We are of opinion that we can not properly interfere with

the verdict upon the grounds urged by the appellant, for if it can be reasonably said that the condition of the spark arrester and the conduct of the engineer were all the law requires, as to which there is ample room for serious contest, still there is evidence to show negligence in allowing the right of way, if it may be so termed, to become foul with dry grass and dangerous to adjoining property.

Appellant objects to the damages allowed by the verdict and to various items of testimony admitted by the court to the jury. After considering all these, and without taking time to state them in detail, we may say we find no error of substance. The verdict is clearly within the range of the proof properly bearing upon the point. It was for the jury to make the most satisfactory estimate in their power in view of the proof, and we think appellant has not demonstrated that the conclusion reached in this respect is so erroneous as to justify a reversal.

It is urged the court erred in admitting evidence that this engine threw sparks at other points and set several fires along the route before reaching the canning factory. In this there was no error, as has frequently been held.

It is urged as error that witnesses were allowed to designate by marks on a plat where the fire originated, or where they first saw it, and refused to permit proof that a day or two before boys were seen making bonfires at some point not very far distant from the factory. We see no error in these rulings, nor in others of which complaint is made, and which need not be more specifically stated.

It is urged that there was a fatal variance in this, that the declaration alleged the plaintiffs' property was situated on block No. 46, and the proof showed that a part of the structure extended four or five feet beyond the block named. The first count did so state the location of the property; other counts did not. The defendant stipulated by an admission made at the opening of the trial that it owned and operated the railroad in question and that the property of plaintiffs was situated on block 46, as alleged. The objection is untenable.

Various objections are urged as to the rulings of the court in reference to the instructions. The chief matters so complained of are involved in the points already noticed.

It is suggested that by the 11th given for plaintiff, the jury were authorized to allow for the value of the property and for the damages thereto. The instruction appears inaptly worded and probably some qualifying term was inadvertently omitted, but we think the jury were not misled by it, especially in view of the 8th and 9th, given for defendant, and in view of the verdict, which certainly is not based upon such an estimate as counsel argue this instruction would warrant.

We think it not necessary to follow the extended criticism as to other instructions. After having carefully read the whole series as given, some having been modified by the court, we find nothing of which the appellant can make serious complaint. We are of opinion that the law was announced with sufficient favor to appellant.

The record is voluminous, and many objections were raised and overruled during the protracted trial. While there may be some technical errors in these rulings, yet we think there is nothing that so prejudiced the appellant as to require another trial. The judgment will therefore be affirmed.